IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APEX CLEARING CORPORATION, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-2066-MN |
| | ) | |
| AXOS FINANCIAL INC. AND | ) | **CONSOLIDATED** |
| AXOS CLEARING LLC, | ) | |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

## MEMORANDUM ORDER

At Wilmington, this 24th day of September 2021;

Presently before the Court in this consolidated action[1] are three motions: Plaintiff/Counter-Defendant Apex's Motion to Exclude the testimony of Bruce Mumford and Carrie Distler (D.I. 98), Plaintiff Axos Bank's Motion for Summary Judgment (D.I. 100), and Defendants/Counter-Plaintiffs Axos Financial, Inc. and Axos Clearing LLC's Motion for Summary Judgment (D.I. 104). The Court will address the motions in turn.

### 1.      Motion to Exclude the testimony of Bruce Mumford and Carrie Distler

Apex seeks to exclude the testimony of Mr. Mumford and Ms. Distler. Rule 702, which governs the admissibility of expert testimony, states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable

---

[1]     On October 30, 2019, Apex Clearing Corporation ("Apex") filed suit against Axos Financial, Inc. and Axos Clearing LLC. (D.I. 1). On January 6, 2020, Axos Bank initiated an action against Apex. (C.A. No. 20-18, D.I. 1). By order of this Court, these cases were consolidated for all purposes including trial. (D.I. 15).

> principles and methods; and (d) the expert has reliably applied the
> principles and methods to the facts of the case.

FED. R. EVID. 702.  There are three requirements under Rule 702: "(1) the proffered witness must

be an expert, *i.e.*, must be qualified; (2) the expert must testify about matters requiring scientific,

technical or specialized knowledge; and (3) the expert's testimony must assist the trier of fact."

*Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008).

Apex asserts that Mr. Mumford's opinions are not based on sufficient data or methodology

and that Ms. Distler's testimony is too basic to assist the trier of fact.  The Court disagrees and will

deny the motion.  Mr. Mumford's opinion on the standards and practices regarding the clearing

and custody industry is based on his extensive professional experience in the industry (*see* D.I. 99,

Ex. A at 13–14), which provides a sufficient basis for his expert testimony.  *See Chase Manhattan

Bank, USA, N.A. v. Freedom Card, Inc.*, 333 F. Supp. 2d 239, 249 n.17 (D. Del. 2004) (permitting

an expert to testify about the care with which consumers choose credit cards based on the expert's

experience working in the industry), *aff'd in part sub nom. Freedom Card, Inc. v. JPMorgan Chase

& Co.*, 432 F.3d 463 (3d Cir. 2005).  With respect to Ms. Distler, the Court is satisfied that her

testimony will help the trier of fact to understand the evidence or to determine a fact in issue

because her "ability to present a vast quantity of calculations derived from disparate sources in an

understandable format will assist the jury."  *Total Control, Inc. v. Danaher Corp.*, 338 F. Supp. 2d

566, 569 (E.D. Pa. 2004).

**2.      Axos Bank's Motion for Summary Judgment**

Plaintiff Axos Bank asks this Court to enter summary judgment on four counts, all of which

require the Plaintiff to establish (1) the existence of a mark which is valid and legally protectable;

(2) that the mark is owned by the Plaintiff; and (3) that the Defendant's use of the mark to identify

goods or services is likely to create confusion concerning the origin of the goods or services.  In

*Interpace Corp. v. Lapp, Inc.*, the Third Circuit furnished a non-exhaustive list of ten factors to be used in determining whether a likelihood of confusion exists.  721 F.2d 460, 463 (3d Cir. 1983).  This determination is "a fact-intensive inquiry" and so "cannot typically be decided at the summary judgment stage."  *Lontex Corp. v. Nike, Inc.*, No. 18-5623, 2021 WL 724971 at *11 (E.D. Pa. Feb. 24, 2021); *See also Country Floors, Inc. v. Gepner*, 930 F.2d 1056, 1063 (3d Cir. 1991) (remarking that "summary judgments are the exception" in trademark actions).  This case is not the exception.  Genuine issues of material fact as to the similarity of the marks, the strength of the marks, the intent of Defendant in adopting their marks, as well as other *Lapp* factors exist, and the Court will deny the motion.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that summary judgment will not lie if there is a genuine dispute about a material fact).

### 3.     Axos Financial, Inc. and Axos Clearing LLC's Motion for Summary Judgment

Defendants/Counter-Plaintiffs Axos Financial, Inc. and Axos Clearing LLC ask the Court to enter summary judgement of non-infringement and no actual damages or profits..  Finding non-infringement requires the Court to conduct the same fact-intensive inquiry described in connection with Plaintiff's motion for summary judgment.  For substantially the same reasons cited above, the Court denies the motion with respect to non-infringement.

In their motion (D.I. 104), Axos Financial, Inc. and Axos Clearing LLC also ask the Court to bar an award of actual and disgorgement damages.  15 U.S.C. § 1117(a) makes clear that any award of profits, damages, and costs are "subject to the principles of equity."  Regarding actual damages, it is undisputed that "Plaintiff has no actual knowledge of damages resulting from Defendants' conduct, . . . Plaintiff is not seeking lost sales, lost market share, or lost goodwill, . . . [and that] Plaintiff did no corrective advertising."  (D.I. 106 ¶ 47; D.I. 123 ¶ 47).  Therefore, the motion will be granted with respect to actual damages.

The part of the motion concerning disgorgement damages, however, will be denied.  In deciding whether plaintiffs in trademark actions are entitled to disgorgement, the Third Circuit instructs courts to consider "(1) whether the defendant had the intent to confuse or deceive, (2) whether sales have been diverted, (3) the adequacy of other remedies, (4) any unreasonable delay by the plaintiff in asserting his rights, (5) the public interest in making the misconduct unprofitable, and (6) whether it is a case of palming off."  *Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168, 175 (3d Cir. 2005) (quoting *Quick Technologies, Inc. v. Sage Group PLC*, 313 F.3d 338, 347–48 (5th Cir. 2002)).  Because there is a genuine issue of material fact on several of these factors, most prominent among them being the adequacy of other remedies, the motion will be denied.

For the reasons set forth above, IT IS HEREBY ORDERED that Apex's Motion to Exclude (D.I 98) is DENIED, Axos Bank's Motion for Summary Judgment (D.I 100) is DENIED, and Axos Financial, Inc. and Axos Clearing LLC's Motion for Summary Judgment (D.I. 104) is DENIED-IN-PART and GRANTED-IN-PART.

The Honorable Maryellen Noreika
United States District Judge